[Cite as *Robinson v. Robinson*, 2013-Ohio-4435.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| TAMMY ROBINSON, | : | |
| | | CASE NO. CA2012-11-118 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 10/7/2013 |
| - vs - | : | |
| | : | |
| DAVID ROBINSON, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 10DR34162

Geyer, Herier and Frizzell Co., LPA, David D. Herier, 451 Upper Valley Pike, Springfield, Ohio 45504, for plaintiff-appellee

Minnillo and Jennkins Co., LPA, Timothy J. Morris, 792 Eastgate South, Cincinnati, Ohio 45245, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, David Robinson (husband), appeals a divorce decree of the Warren County Court of Common Pleas, Domestic Relations Division. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} Husband and plaintiff-appellee, Tammy Robinson (wife), were married in 1999. On October 27, 2010, wife filed for divorce. Several issues were contested during the

divorce, including whether husband owed wife half of the money spent from a retirement account and the couple's 2010 income tax liability. A hearing was conducted before a magistrate over multiple days and the following facts were established.

{¶ 3} In January 2010, the couple had approximately $170,000 in various retirement accounts. During this time, the couple was experiencing financial hardship and transferred money from the retirement accounts in an attempt to ease this hardship. In early 2010, husband and wife decided to move $50,000 from wife's individual retirement account to pay marital bills. Husband promised wife that the $50,000 loan would be repaid within a short time so that no penalties or taxes would be incurred. Additionally, husband withdrew $114,000 from a retirement account without wife's consent or knowledge. Husband gave this amount to a friend to invest and hoped the money would be returned with a significant gain.

{¶ 4} Neither the $50,000 nor the $114,000 were re-deposited to the retirement accounts. Wife testified that she believed husband's friend was gambling with the money. Husband explained that the friend repaid a portion of the $114,000 to him but that he used most of this money to pay bills. At the time of the trial, there remained $2,250 in retirement funds, along with an $8,100 pension/profit sharing loan. Additionally, evidence at the hearing showed that the couple incurred significant tax liability in 2010. This liability was primarily attributable to the withdrawal of the retirement funds.

{¶ 5} After the conclusion of the hearings, the magistrate found that wife should not be reimbursed for the $50,000 withdrawal because she had consented to its removal. However, the magistrate required husband to reimburse wife for half of the $114,000.[1] Additionally, the magistrate found that husband should be responsible for the 2010 income taxes.

---

1. Specifically, the magistrate ordered wife to be repaid one-half of the $114,000 less a pro rata portion of husband's premarital account plus one-half of the remaining account balance.

{¶ 6} The trial court affirmed the magistrate's decision regarding the reimbursement of one-half of the $114,000 and the payment of the 2010 income taxes. The court reasoned that husband was to reimburse wife for her portion of the $114,000 because husband withdrew the monies absent wife's consent and knowledge. Additionally, husband was to pay the 2010 income taxes because the majority of the tax liability arose from the withdrawal of the retirement monies and husband either used the funds without wife's permission or with the express promise that the monies would be repaid before taxes were incurred. Consequently, husband was ordered to pay wife $51,830 in cash and pay the 2010 income taxes.

{¶ 7} Husband now appeals, raising two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED IN FINDING THAT HUSBAND OWES WIFE HALF OF THE INVESTMENT OF THE $114,000 SINCE SHE DID NOT GIVE HER EXPRESSED PERMISSION TO REALLOCATE THE RETIREMENT FUNDS.

{¶ 10} Husband challenges the trial court's decision in finding that he should reimburse wife for one-half of the $114,000. Husband argues the award is in error as it is not an equitable division of martial property and the trial court did not find that husband engaged in financial misconduct. Wife responds by asserting that the trial court simply made an unequal, yet equitable division of marital property.

{¶ 11} R.C. 3105.171(C)(1) states that, generally, the division of marital property shall be equal. However, "[i]f an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." *Id.*

{¶ 12} Further, "[i]f a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition

of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." R.C. 3105.171(E)(4). The burden of proving financial misconduct is on the complaining party. *Id.*; *Grow v. Grow*, 12th Dist. Butler No. CA2010-08-209, 2012-Ohio-1680, ¶ 103.

{¶ 13} Pursuant to R.C. 3105.171(G), a trial court must indicate the basis for a distributive award in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable, and in accordance with the law. *Mannerino v. Mannerino*, 12th Dist. Butler No. CA2010-08-210, 2012-Ohio-1592, ¶ 19, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 97 (1988). This court has stated that the objective of the findings of fact authorized by R.C. 3105.171(G) is to facilitate meaningful appellate review consistent with Civ.R. 52. *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 55. The requirements of the statute are satisfied when the reviewing court is able to ascertain the requisite information from various portions of the record, including the trial court's decision. *Id.*

{¶ 14} This court reviews findings that property is marital or separate or that a party has engaged in financial misconduct pursuant to the manifest-weight-of-the-evidence standard. *Renz v. Renz*, 12th Dist. Clermont No. CA2010-05-034, 2011-Ohio-1634, ¶ 46; *Zollar v. Zollar*, 12th Dist. Butler No. CA2008-03-065, 2009-Ohio-1008, ¶ 10. An appellate court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶ 15} On the other hand, we review the trial court's decision to make or not make a distributive award to compensate for financial misconduct under an abuse of discretion

standard. *Mikhail v. Mikhail*, 6th Dist. Lucas No. L-03-1195, 2005-Ohio-322, ¶ 25. Additionally, the trial court is given broad discretion in fashioning a property division and will not be reversed absent an abuse of that discretion. *Roberts v. Roberts*, 12th Dist. Clinton Nos. CA2012-07-015, CA2012-07-016, 2013-Ohio-1733, ¶ 34.

{¶ 16} On the objections to the magistrate's decision and in the final divorce decree, the trial court adopted the magistrate's determination that husband pay wife one-half of the $114,000 of the lost retirement funds, reasoning that husband withdrew the money without wife's permission and knowledge. The magistrate further noted in her decision that two prior withdrawals of retirement funds by husband were accomplished with wife's consent. This course of dealing between the parties established the manner in which husband should have made the $114,000 withdrawal.

{¶ 17} In ordering husband to pay wife half of the monies, the trial court did not reference any of the factors for dividing marital property as specified in R.C. 3105.171(F), but instead focused on husband's deception in the withdrawal, investment, and expenditure of the $114,000. In the magistrate's decision, she specified that one of the issues before the court was determining "whether [h]usband had committed financial misconduct with regard to the parties' retirement accounts and, if so, the manner and amount by which [w]ife should be compensated." The magistrate found that husband's conduct justified such an order because "[wife] should be *compensated* * * * for the *dissipation* of funds that occurred without her knowledge and consent." (Emphasis added.) The language utilized by the magistrate mirrors the financial misconduct statute which provides, in pertinent part, that, "[i]f a spouse has engaged in financial misconduct, including but not limited to, the *dissipation* * * * of assets, the court may *compensate* the offended spouse with a distributive award * * *." (Emphasis added.) R.C. 3105.171(E)(4). Although the trial court did not specifically label husband's conduct as "financial misconduct," it is clear that the trial court found husband

- 5 -

engaged in financial misconduct.

{¶ 18} Further, the finding of financial misconduct is not against the manifest weight of the evidence. At the hearing, husband admitted that he withdrew the $114,000 from the couple's retirement account without wife's knowledge or consent. Wife's lack of participation in the decision to withdraw these funds was contrary to the practice followed by husband in the two prior withdrawals of retirement funds. He then gave these monies to a friend who "invested" the amounts in various schemes. Wife testified that the friend was gambling with the money. Based upon the foregoing, the trial court did not abuse its discretion in requiring husband to compensate wife by paying her one-half of the $114,000 of retirement monies once owned by the couple and withdrawn and invested by husband without wife's involvement.

{¶ 19} Husband's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED IN FINDING HUSBAND SOLELY RESPONSIBLE FOR THE PARTIES' 2010 TAX LIABILITY.

{¶ 22} Husband argues the trial court erred in allocating to him responsibility for the couple's 2010 income tax. Husband asserts that it was unfair to require him to be solely liable for the taxes because wife received the benefit of the 2010 income and consented for the withdrawal of the $50,000.

{¶ 23} Pursuant to R.C. 3105.171(B), "the court shall * * * determine what constitutes marital property and what constitutes separate property." "Because the trial court must consider the assets and liabilities of both parties, dividing marital property requires the trial court to also divide marital debt." *Wolf v. Wolf*, 12th Dist. Preble No. CA2009-01-001, 2009-Ohio-3687, ¶ 23. *See* R.C. 3105.171(F)(2). The court's determination that property is marital or separate is reviewed under the manifest-weight-of-the-evidence standard. *Renz*, 12th

Dist. Clermont No. CA2010-05-032, 2011-Ohio-1634, ¶ 46.

{¶ 24} After classifying the assets and debts as separate or marital property, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally, unless the court finds an equal division would be inequitable. R.C. 3105.171(C)(1) and (D). The trial court is given broad discretion in fashioning a property division and will not be reversed absent an abuse of that discretion. *Roberts v. Roberts*, 12th Dist. Clinton Nos. CA2012-07-015, CA2012-07-016, 2013-Ohio-1733, ¶ 34.

{¶ 25} The trial court did not abuse its discretion in requiring husband to be solely responsible for the 2010 income tax. Both wife and husband testified at the hearings that wife was unaware that husband withdrew $114,000 from the couple's retirement account. While wife consented to the withdrawal of $50,000, such consent was conditioned upon husband's promise to return these funds before any taxes or penalties were incurred. This promise was never fulfilled. Additionally, husband makes significantly greater income than wife and the allocation of debt is more a function of income than a division of marital property. Therefore, the trial court did not err in requiring husband to pay the entire 2010 income tax. *See McMaken v. McMaken*, 12th Dist. Butler No. CA98-08-179, 1999 WL 126065 (Feb. 22, 1999) (allocation of tax debt to spouse was equitable when spouse was responsible for finances and in better position to pay debt).

{¶ 26} Also, we disagree with husband's contention that wife should be responsible for one-half of the 2010 income tax because she has benefited from the 2010 income. Husband conceded that most of the 2010 tax liability was incurred from the withdrawals of $50,000 and $114,000 from the couple's retirement accounts. Additionally, it is undisputed that the majority of these amounts have been completely lost. Therefore, husband's allegation that wife benefited from the 2010 income and therefore should pay taxes on this amount is without merit. Consequently, the trial court did not abuse its discretion in requiring husband

to pay the entire 2010 tax liability as this was an equitable distribution of property.

{¶ 27} Husband's second assignment of error is overruled.

{¶ 28} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.