[Cite as *Smith v. Smith*, 2017-Ohio-7463.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| PAULETTE SMITH, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-08-059 |
| | : | O P I N I O N |
| - vs - | | 9/5/2017 |
| | : | |
| LINK SMITH, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2014 DRA 1222

Susan Mineer, 65 North Second Street, Suite 200, Batavia, Ohio 45103, for plaintiff-appellee

Kroener & Hale, Angela Penick, 101 North Riverside Drive, Batavia, Ohio 45103, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-Appellant, Link Smith ("Husband"), appeals from the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, that distributed certain marital property and awarded spousal support to Paulette Smith ("Wife"). For the reasons detailed below, we affirm in part, reverse in part, and remand this matter to the trial court.

{¶ 2} Husband and Wife married in 1976 and are the adoptive parents of their seven-

year-old grandson. During the marriage, both Husband and Wife operated several small businesses. Pertinent to this case, Husband was self-employed working for L. Smith Pallets, LLC. Wife provided funds to start up the business and assisted with certain administrative functions.

{¶ 3} In February 2013, the pallet company building was destroyed in a fire. Husband had allowed the liability insurance on the property to lapse and therefore the fire resulted in a complete loss. In order to continue operations, Husband secured a significant line of credit and rebuilt the building.

{¶ 4} Wife filed for divorce on October 3, 2014. A trial was held in February 2016 where evidence was introduced as to the parties' various properties. There was also evidence introduced with respect to custody, child support, and spousal support. Following its review of the evidence, the trial court named Wife residential parent of the child and awarded child support. Pertinent to this appeal, the trial court also granted spousal support and divided the parties' marital property. The trial court determined that the pallet company was marital property and valued the company at $176,494. The trial court's decision allowed Husband to continue operation of the business. However, because of Husband's failure to maintain liability insurance on the property, the trial court found that Wife should not be liable on the remaining pallet company debts. Husband now appeals the decision of the trial court, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} A COURT ABUSES ITS DISCRETION WHEN IT FINDS FINANCIAL MISCONDUCT PURSUANT TO R.C. 3105.171 (E)(4) WHERE AN ACCIDENTAL OUTSIDE FORCE DAMAGED AND DEPRECIATED MARITAL PROPERTY WITHOUT ANY WRONGDOING BY A PARTY.

{¶ 7} In his first assignment of error, Husband argues the trial court erred by finding

- 2 -

that he had committed an act of financial misconduct by failing to have insurance on the marital business.

{¶ 8} Property division in a divorce proceeding is a two-step process that is subject to two different standards of review. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 11. Initially, pursuant to R.C. 3105.171(B), "the court shall * * * determine what constitutes marital property and what constitutes separate property." "Although the statute does not mention debt as an element of marital and separate property, the rules concerning marital assets have been consistently applied to marital and separate debt." *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 35. An appellate court reviews the trial court's classification of property or debt as marital or separate under the manifest-weight-of-the-evidence standard. *Oliver v. Oliver*, 12th Dist. Butler No. CA2011-01-004, 2011-Ohio-6345, ¶ 8;

{¶ 9} After classifying the property as separate or marital, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally. R.C. 3105.171(C)(1) and (D). However, if the court finds an equal division would be inequitable, then the court must divide the property in a manner it determines is equitable. R.C. 3105.171(C)(1); *Roberts v. Roberts*, 12th Dist. Clinton Nos. CA2012-07-015 and CA2012-07-016, 2013-Ohio-1733, ¶ 34. As mentioned above, the concepts related to "property" relate to both the parties' assets and debts. *Ohmer* at ¶ 35. The trial court is given broad discretion in fashioning a property or debt division and will not be reversed absent an abuse of discretion. *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 54. To find abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Findings as to whether a party has engaged in financial misconduct are

reviewed pursuant to the manifest-weight-of-the-evidence standard. *Robinson v. Robinson*, 12th Dist. Warren No. CA2012-11-118, 2013-Ohio-4435, ¶ 14. Under this standard, the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Id.*, quoting Ea*stley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20. The burden of proving financial misconduct is on the complaining party. *Grow* at ¶ 103.

{¶ 11} This appeal involves the trial court's decision allowing Wife an offset and ordering Husband to be solely responsible for the remaining debt used to rebuild the pallet company building. In its decision, the trial court stated:

> First, the building was rebuilt during the marriage. Secondly, even if the building burned after the marriage ended, [Husband] should have kept the building insured. He chose instead to cancel the insurance on the building before he had new insurance in place. Considering the nature of the business and the abundance of flammable materials, his action was irresponsible and amounts to *financial misconduct* because he allowed a valuable marital asset to be lost through a fire.

(Emphasis added.) Husband argues that the trial court erred by finding that he committed financial misconduct.

{¶ 12} The term "financial misconduct" has a specific meaning and is defined in R.C. 3105.171(E)(4). Pursuant to that provision, financial misconduct includes, but is not limited to "the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets." *Robinson* at ¶ 12. Financial misconduct implies some type of wrongdoing such as interference with the other spouse's property rights (i.e., wrongful scienter). *Taub v. Taub*, 10th Dist. Franklin No. 08AP-750, 2009-Ohio-2762, ¶ 33; *White v. White*, 5th Dist. Licking No. 15-CA-54, 2016-Ohio-2997, ¶ 13, citing *Bucalo v. Bucalo*, 9th Dist. Medina No.

- 4 -

05CA0011-M, 2005-Ohio-6319, ¶ 23.

{¶ 13}   In cases of financial misconduct, "typically, the offending spouse * * * either profit[s] from the misconduct or intentionally defeat[s] the other spouse's distribution of marital assets."  *Taub* at ¶ 33; *Mikhail v. Mikhail*, 6th Dist. Lucas No. L-03-1195, 2005-Ohio-322, ¶ 28.  Courts have addressed the issue of financial misconduct related to erratic stock trading and poor investments and concluded "that investing, even poor investing, is neither wrongdoing nor financial misconduct and [they would] not construe the statute so broadly as to include investment mistakes."  *Jacobs v. Jacobs*, 4th Dist. Scioto No. 02CA2846, 2003-Ohio-3466 at ¶ 23.

{¶ 14}   In the present case, Husband allowed the insurance on the pallet company to lapse.  Unfortunately, the company building caught fire during the lapse period.  Husband stated:

> Q.  Did you have insurance on it?
>
> A.  No, sir, I did not.
>
> Q.  Why didn't you have insurance?
>
> A.  I was in the process, I had insurance, I was in the process of going from one insurance company to the other, there was a two-to-three-week time period between the two insurances I had no insurance, that's when the building burned down.

The testimony does not go into great length behind Husband's decision regarding the lapse in liability insurance, however there is no evidence to suggest that Husband engaged in any purposeful wrongdoing with respect to the liability insurance or the fire.

{¶ 15}   The decision to allow the insurance to lapse was certainly not advisable and resulted in a large loss.  However, based on these facts there is no basis to conclude that Husband engaged in any financial misconduct or acted to intentionally defeat marital assets. Husband's failure to maintain liability insurance was simply a poor decision that resulted in

the need to obtain financing to rebuild the pallet company building.

{¶ 16}   Wife's argument also centers on the fact that Husband took out a line of credit to rebuild the pallet company building.   Wife does not, however, explain how the business could have been rebuilt without incurring the associated debt.   The evidence shows that Husband obtained the line of credit to rebuild the pallet company building.   In order to continue operations, Husband testified that he needed the loans to rebuild and obtain necessary equipment.   The evidence shows that the business continues to operate and generate income.   Though there is still some associated debt with the business, there is no evidence to suggest that the business is operating at a loss or would otherwise meet the definition of financial misconduct.

{¶ 17}   Based on our review, we find the decision classifying Husband's failure to maintain liability insurance as financial misconduct was against the manifest weight of the evidence.   We likewise find that Husband's decision to obtain the necessary loans to rebuild the pallet company building was not financial misconduct.   Though his actions in failing to obtain liability insurance for his business were certainly regrettable, those actions do not satisfy the scienter or wrongdoing requirements for establishing financial misconduct.

{¶ 18}   In so holding, we must again address the standard of review and clarify the need for remand.  As previously noted, property division in a divorce proceeding is a two-step process subject to two different standards of review.  *Grow*, 2012-Ohio-1680 at ¶ 11.  Our holding is that the decision finding financial misconduct is against the manifest weight of the evidence.  That decision, however, does not clearly articulate how the trial court integrated that specific finding in the ultimate resolution of the matter. In other words, it is not clear if the trial court found the marital debt to be separate based on the financial misconduct finding or if the trial court merely used Husband's conduct as one of the factors in dividing the marital assets and debts equitably.  *See* R.C. 3105.171(C) (the trial court is permitted to consider "all

- 6 -

relevant factors" in making an equitable division of marital property).

{¶ 19} Based upon the record before us, we cannot ascertain whether the trial court considered Husband's supposed "financial misconduct" when it classified the property as separate or marital, or whether Husband's conduct was included under the trial court's broader discretion in fashioning a property and debt division. To facilitate meaningful appellate review of the trial court's division of property and allocation of marital debt, the trial court is required to "make written findings of fact that support the determination that the marital property has been equitably divided * * *." R.C. 3105.171(G); *Williams* at ¶ 55. This requirement is satisfied when the reviewing court is able to ascertain the requisite information from the record. *Williams* at ¶ 55.

{¶ 20} Accordingly, in reviewing Husband's assignment of error under the proper standard of review, we find his argument has merit. In light of this decision, we reverse the trial court's finding of financial misconduct and remand this matter for further proceedings relative to the classification and division of property.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT WIFE WAS ENTITLED TO SPOUSAL SUPPORT, OR, IN THE ALTERNATIVE, ABUSED ITS DISCRETION WITH RESPECT TO THE AMOUNT AND DURATION OF SUPPORT AWARDED.

{¶ 23} In his second assignment of error, Husband argues the trial court erred in its decision awarding spousal support. Husband first argues that the trial court should not have awarded Wife any spousal support. Alternatively, Husband disputes the amount and duration of spousal support. Husband alleges that the trial court outlined the spousal support factors "in a very vague manner" and argues that the decision does not set forth sufficient detail as to whether the award was fair and equitable. We find no merit to Husband's

argument.

**{¶ 24}** A trial court has broad discretion in determining spousal support awards. *Hutchinson v. Hutchinson*, 12th Dist. Clermont No. CA2009-03-018, 2010-Ohio-597, ¶ 16. A reviewing court will not disturb a spousal support award on appeal absent an abuse of discretion. *Bixler v. Bixler*, 12th Dist. Clermont No. CA2016-12-081, 2017-Ohio-7022, ¶ 15.

**{¶ 25}** A trial court has a statutory duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 10. According to R.C. 3105.18(C)(1), "the court shall consider" the statutory factors, such as income of the parties, earning abilities of the parties, ages, duration of marriage, standard of living, education of parties, and assets. *McCarty v. McCarty*, 12th Dist. Warren Nos. CA2016-07-055 and CA2016-07-056, 2017-Ohio-5852, ¶ 16-17. A reviewing court will presume each factor was considered, absent evidence to the contrary. *Casper v. Casper*, 12th Dist. Warren Nos. CA2012-12-128 and CA2012-12-129, 2013-Ohio-4329, ¶ 42.

**{¶ 26}** Following a thorough review of the record, we find that the trial court did not abuse its discretion in awarding Wife spousal support. The record reflects that the trial court considered the factors set forth in R.C. 3105.18(C)(1) as well as Wife's need for spousal support before fashioning its award. The trial court found that Husband and Wife had a long-term marriage and both are employed to their maximum ability. Husband owns his own business and derives income from that source. The trial court noted that Wife receives Social Security Disability for severe arthritis and fibromyalgia, but works part-time for an airline and also cares for their son. "Although a trial court is not required to equalize incomes, it is not prohibited from doing so where such a result is reasonable and equitable." *Kedanis* at ¶ 15. Based on consideration of each party's financial need and all the relevant statutory facts, the trial court found it reasonable and appropriate to award Wife $2,500 per

month in spousal support. Accordingly, a review of the record indicates the trial court heard the testimony of the parties and considered the pertinent factors of R.C. 3105.18(C)(1) in making its spousal support determination. We find the trial court did not abuse its discretion. Husband's second assignment of error is overruled.

{¶ 27} Judgment affirmed in part, reversed in part, and remanded.

S. POWELL, P.J., and PIPER, J., concur.