[Cite as *Smith v. Smith*, 2018-Ohio-3548.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| PAULETTE SMITH, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-11-059 |
| | : | O P I N I O N |
| - vs - | | 9/4/2018 |
| | : | |
| LINK M. SMITH, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2014DRA01222

Paulette Smith, 126 East Plane Street, Bethel, Ohio 45106, plaintiff-appellee, pro se

Kroener & Hale, Angela M. Penick, 101 North Riverside Drive, Batavia, Ohio 45103, for
defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-Appellant, Link Smith ("Husband"), appeals from the decision of the
Clermont County Court of Common Pleas, Domestic Relations Division, alleging the trial
court abused its discretion regarding the division of marital property and debt. For the
reasons detailed below, we affirm.

{¶ 2} Husband and Paulette Smith ("Wife") married in 1976. Pertinent to this case,

Husband was self-employed working for L. Smith Pallets, LLC. Wife provided funds for the start-up of the business and assisted with certain administrative functions.

{¶ 3} In February 2013, the pallet company building was destroyed by a fire. Husband had allowed the liability insurance on the property to lapse and therefore the fire resulted in a complete loss. In order to continue operations, Husband secured a significant line of credit and rebuilt the building.

{¶ 4} Wife filed for divorce on October 3, 2014. A trial was held in February 2016 where evidence was introduced as to the various properties and possessions owned by the parties. The trial court determined that the pallet company was marital property and valued the company at $176,494. The trial court's decision allowed Husband to continue operation of the business. However, because of Husband's failure to maintain liability insurance on the property, the trial court found that Husband had committed "financial misconduct."

{¶ 5} Husband successfully appealed to this court. *Smith v. Smith*, 12th Dist. Clermont No. CA2016-08-059, 2017-Ohio-7463. In that decision, we found the trial court erred by determining that Husband committed financial misconduct under R.C. 3105.171(E)(4). *Id.* at ¶ 15. However, because we were unable to ascertain the significance of that finding in relation to the trial court's broader discretion to fashion a property and debt division, we remanded the matter to the trial court for further proceedings:

> Based upon the record before us, we cannot ascertain whether the trial court considered Husband's supposed "financial misconduct" when it classified the property as separate or marital, or whether Husband's conduct was included under the trial court's broader discretion in fashioning a property and debt division. To facilitate meaningful appellate review of the trial court's division of property and allocation of marital debt, the trial court is required to "make written findings of fact that support the determination that the marital property has been equitably divided * * *." This requirement is satisfied when the reviewing court is able to ascertain the requisite information from the record.

Accordingly, in reviewing Husband's assignment of error under the proper standard of review, we find his argument has merit. In light of this decision, we reverse the trial court's finding of financial misconduct and remand this matter for further proceedings relative to the classification and division of property.

*Id.* at ¶ 19-20 (internal citations omitted).

{¶ 6} On remand, the trial court applied this court's ruling that Husband had not committed financial misconduct under R.C. 3105.171(E)(4). Nevertheless, the trial court found that it was fair and equitable to hold Wife harmless on debt owed due to Husband's conduct with respected to the maintenance of liability insurance and the losses sustained therefrom. Husband now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 7} A COURT ABUSES ITS DISCRETION WHEN IT FINDS THAT HUSBAND VIOLATED A TEMPORARY RESTRAINING ORDER WHEN THE SUPPOSED VIOLATION OCCURRED MORE THAN ONE YEAR PRIOR TO THE TRO.

{¶ 8} In his sole assignment of error, Husband argues the trial court abused its discretion in its division of marital properties and debts. We disagree.

{¶ 9} Property division in a divorce proceeding is a two-step process that is subject to two different standards of review. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 11. Initially, pursuant to R.C. 3105.171(B), "the court shall * * * determine what constitutes marital property and what constitutes separate property." "Although the statute does not mention debt as an element of marital and separate property, the rules concerning marital assets have been consistently applied to marital and separate debt." *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 35. An appellate court reviews the trial court's classification of property or debt as marital or separate under the manifest weight of the evidence standard. *Oliver v. Oliver*, 12th Dist. Butler No. CA2011-01-004, 2011-Ohio-6345, ¶ 8.

{¶ 10}   After classifying the property as separate or marital, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally.  R.C. 3105.171(C)(1) and (D).  However, if the court finds an equal division would be inequitable, then the court must divide the property in a manner it determines is equitable. R.C. 3105.171(C)(1); *Roberts v. Roberts*, 12th Dist. Clinton No. CA2012-07-015 and CA2012-07-016, 2013-Ohio-1733, ¶ 34.  As mentioned above, the concepts related to "property" relate to both the parties' assets and debts.  *Ohmer* at ¶ 35.  The trial court is given broad discretion in fashioning a property or debt division and will not be reversed absent an abuse of discretion. *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 54.  To find abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11}   Husband argues the trial court abused its discretion by awarding Wife one-half of the business value of L. Smith Pallets, LLC without offsetting one-half of the loans attached to the business.  In so doing, Husband refers to language in the trial court's judgment entry stating that "Link's conduct violated the Temporary Restraining Order filed October 3, 2014."  Husband argues that the trial court's decision amounts to an abuse of discretion because the temporary restraining order was not filed until well after the fire and the accumulation of the resulting debt.

{¶ 12}   However, following review, we disagree with Husband's contention that the trial court abused its discretion in the resolution of this matter. In this case, the trial court properly considered Link's conduct for purposes of determining the equitable division of marital property.  As noted by the trial court:

> [Husband] did not tell [Wife] that he allowed the insurance to lapse.  [Husband] did not tell [Wife] that he secured the line of credit to rebuild the building.  [Husband's] conduct violated the

- 4 -

Temporary Restraining Order filed October 3, 2014.

Although [Husband's] conduct does not rise to the level of financial misconduct, it is relevant and equitable to consider [Husband's] negligent behavior in determining whether [Wife] must suffer the total loss and incur liability to pay any portion of the loan [Husband] secured to rebuild the building.

Considering all the evidence and statutory factors, it is fair and equitable to require [Husband] to pay and hold [Wife] harmless on the debt owed to First Community Bank ***0001.

{¶ 13} We agree the trial court misstated that Husband's conduct violated a temporary restraining order, however we find any such error does not constitute an abuse of discretion. As correctly noted by the trial court, if not for Husband's negligence in failing to maintain insurance on the property, the loans to rebuild the business would be unnecessary. Though the trial court incorrectly referred to Husband's conduct as violating a temporary restraining order, a review of the record makes clear that the trial court's decision was based on Husband's "negligent behavior" and that decision is well-supported by the record. Under these circumstances, the trial court could properly find that it was equitable to hold Wife harmless on the resulting debt. As a result, we find the trial court did not abuse its discretion in the equitable division of marital property and debts. Husband's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.