[Cite as *McFarland v. McFarland*, 2019-Ohio-2673.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| GRIFFIN MCFARLAND, | : | |
| Appellee, | : | CASE NO. CA2018-05-098 |
| | : | O P I N I O N |
| - vs - | | 7/1/2019 |
| | : | |
| AMANDA MCFARLAND, | : | |
| Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2016-10-0987

Law Office of Dennis L. Adams, Esq., LLC, Dennis Lee Adams, 246 High Street, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Amanda McFarland ("Wife"), appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, which imputed income to her in calculating her child support obligation, and declined to find appellee, Griffin McFarland ("Husband"), in contempt. For the reasons stated below, we affirm.

{¶ 2} Husband and Wife were married in November 2008. They have one child born issue of the marriage. In June 2016, the parties separated. In October of that same

year, Husband filed a complaint for divorce.

{¶ 3} Shortly thereafter, Wife filed a motion to establish spousal support. In her motion, Wife requested that the trial court order Husband to pay her a sum of money on a weekly basis so that she could continue paying her personal and household expenses. After a hearing, the trial court granted Wife's motion, and ordered Husband to pay temporary spousal support in the amount of $473 a month, effective November 1, 2016.

{¶ 4} In May 2017, Wife moved the trial court to assign payment of the mortgage debt of the parties. After another hearing, the trial court granted the motion, and ordered Husband to make the monthly mortgage payment, beginning with the May 2017 payment, and continuing for each monthly payment thereafter.

{¶ 5} In August 2017, Wife filed a motion for contempt for non-payment of spousal support, arguing that Husband had failed to pay the temporary spousal support ordered by the trial court, and therefore, should be found in contempt. A few months later, in October 2017, Wife filed a second motion for contempt. In this motion, Wife argued Husband had failed to pay the mortgage as ordered, resulting in an action of foreclosure on the property. As such, Wife requested the trial court to find Husband in contempt of the trial court's May 2017 order.

{¶ 6} The trial court addressed both of Wife's motions for contempt at the final contested hearing. After hearing testimony from Wife and Husband, the trial court declined to make a finding of contempt and denied Wife's motions. In addition, the trial court designated Husband the residential parent and legal custodian of the child, and ordered Wife to pay Husband child support in the amount of $203.79 per month.

{¶ 7} Wife now appeals, raising three assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN

- 2 -

THE CALCULATION OF HER INCOME FOR CHILD SUPPORT.

{¶ 10} Wife argues the trial court erred by imputing additional income when calculating her child support obligation. Specifically, Wife claims the trial court failed to find that she was voluntarily underemployed or consider the criteria set forth in R.C. 3119.01. We disagree.

{¶ 11} Whether a person is voluntarily underemployed and the amount of income to be imputed "are matters to be determined by the trial court based upon the facts and circumstances of each case." *Rock v. Cabral*, 67 Ohio St.3d 108 (1993), paragraph one of the syllabus. A determination with respect to these matters will only be reversed upon a showing of abuse of discretion. *Id*. More than an error of law or judgment, an abuse of discretion connotes that the trial court's decision is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} In regards to child support, "income," consists of the sum of the gross income of the parent and any "potential income" of the parent if voluntarily underemployed or voluntarily unemployed. R.C. 3119.01(C)(9)(b). Potential income includes imputed income that a trial court determines the parent would have earned if fully employed based upon the factors set forth in R.C. 3119.01(C)(17)(a). Factors include the parties' prior employment experience, education, employment availability and whether there is evidence that the parent has the ability to earn the imputed income. *Id*. We note that while consideration of relevant factors outlined in the statute is mandatory, the trial court is required neither to hear evidence on each factor nor discuss each factor in its analysis. *Justice v. Justice*, 12th Dist. Warren No. CA2006-11-134, 2007-Ohio-5186, ¶ 13. However, before a trial court may impute income to a parent for child support purposes, it must find that the parent is voluntarily unemployed or underemployed. *Id*. at ¶ 9.

{¶ 13} During the hearing, Wife explained that she has been a part-time unit

coordinator and surgical unit tech at Christ Hospital since 2006. In those positions, Wife earned $15.06 per hour, and earned a gross income of approximately $11,877 in 2016. We note that Wife was unable to provide an accurate estimate for the income she had earned in 2017 by the time of the hearing, nor could she identify her expected gross income for 2017 due to her ability to pick up shifts throughout the year.

{¶ 14} According to Husband, Wife began working part-time to minimize the cost of babysitting for their child and intended to work full-time when the child was older. At the time of the hearing, the parties' child was nine years old and Wife remained working part-time. Wife indicated that she was working part-time because her position required it, but she has "been able to pick up substantially a lot more hours than in the past." She further testified that she planned on seeking full-time employment at Christ Hospital in the future, that she was physically able to work full-time, and that Christ Hospital was opening a new location.

{¶ 15} In its decision, the trial court found Wife was voluntarily underemployed. In making such a finding, the trial court stated:

> Wife has not been employed full-time for many years. She explains this was to help offset the cost of a babysitter. [Her child] is 9 years old and that reasoning is no longer relevant. Considering all facts and circumstances, this Court finds Wife is voluntarily underemployed or otherwise not working up to her full earning potential.

{¶ 16} In computing Wife's child support obligation, the trial court imputed $28,192 of annual income to her, which was equal to Wife working 36 hours per week at her current hourly wage of $15.06.

{¶ 17} Wife argues the trial court abused its discretion in imputing $28,192 of annual income to her because it "failed to find that [she] was voluntarily underemployed and there is nothing in the record that would support such a finding." Additionally, Wife claims her

income is between $16,000 and $20,000, which is significantly lower than the trial court's imputed income. However, the record indicates the trial court found that Wife was voluntarily underemployed, and considered testimony related to Wife's employment experience, education, employment availability and ability to earn the imputed income prior to making such a finding. When considering Wife's testimony that she was picking up "a lot more hours" than in previous years, was able to work full-time, and planned to seek full-time employment with Christ Hospital, in addition to Husband's testimony that Wife intended to return to full-time employment when their child was older, we find the trial court's imputing of income to Wife was reasonable and not an abuse of discretion.

{¶ 18} Therefore, because the trial court found Wife was voluntarily underemployed and considered the factors set forth in R.C. 3119.01(C)(17)(a) in determining Wife would have earned $28,192 if fully employed, Wife's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FAILING TO FIND THE APPELLEE IN CONTEMPT FOR FAILURE TO PAY SPOUSAL SUPPORT AS ORDERED.

{¶ 21} Wife argues that the trial court erred in finding that Husband was not in contempt for failing to pay her $473 a month, as ordered. Specifically, Wife argues that the trial court erroneously declined to find Husband in contempt although Husband admitted he was aware of the court order and had not paid any spousal support when he had sufficient funds to do so. As such, Wife contends the trial court abused its discretion to her prejudice.

{¶ 22} "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the

offending party violated such order. *Maloney v. Maloney*, 12th Dist. Warren No. CA2015-10-098, 2016-Ohio-7837, ¶ 13. A trial court's decision in a contempt proceeding will not be reversed on appeal absent an abuse of discretion. *Id.* at ¶ 14. An abuse of discretion implies that the court acted unreasonably, arbitrarily, or unconscionably. *Blakemore*, 5 Ohio St.3d 217 at 219.

{¶ 23} In its decision, the trial court found that Husband failed to pay the temporary spousal support as ordered, but declined to hold Husband in contempt at this stage because Husband has struggled to pay his bills and Wife has also failed to pay her court ordered child support to Husband. Upon consideration of the record, we find that the trial court's decision was not an abuse of discretion.

{¶ 24} Wife argues that because Husband consistently maintained a balance of approximately $2,000 in one of his bank accounts, he could have paid the court ordered spousal support, but voluntarily failed to do so. However, the evidence presented at the hearing reflects that Husband struggled to pay his bills and did not have much, if any, disposable income at the time of trial. Specifically, Husband testified that the money referenced by Wife was for ongoing business expenses he was required to pay. He further indicated that his income was significantly lower than in past years, and that he had little to no projected income at that time. Thus, Husband testified the excess money in his account was needed to maintain his business and properly care for their child over the course of the year.

{¶ 25} Furthermore, although the trial court declined to find Husband in contempt at this stage, it specifically noted that its finding "should not be construed as relief from [Husband] paying court ordered payments" and that it retained "jurisdiction concerning calculation of amounts owed by Husband to Wife for debt payments." As such, the trial court was clear that Husband's obligation to pay Wife the temporary spousal support

remained in place and would be enforced at the trial court's discretion. Thus, although the trial court did not make a finding of contempt at this time, it reserved the ability to do so in the future should Husband's nonpayment continue.

{¶ 26} In light of the above, the trial court's decision regarding Husband's failure to pay the court ordered temporary spousal support to Wife was not unreasonable or arbitrary. As such, the trial court did not abuse its discretion and Wife's second assignment of error is overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FAILING TO FIND THE APPELLEE IN CONTEMPT FOR FAILURE TO PAY THE MORTGAGE AS ORDERED.

{¶ 29} Wife also contends the trial court erred in finding that Husband was not in contempt for failing to pay the mortgage of the marital home as ordered. Wife argues the trial court erred because Husband acknowledged he was ordered to pay the mortgage and failed to do so and failed to show such payment was impossible. Consequently, Wife believes the trial court erred by failing to find Husband in contempt of the trial court's order to pay the mortgage.

{¶ 30} As stated above, a trial court's decision in a contempt proceeding will not be reversed on appeal absent an abuse of discretion. *Maloney*, 2016-Ohio-7837 at ¶ 14. Here, the trial court found that without the assistance of Wife's income, Husband could no longer afford to pay the mortgage of the marital residence and began missing payments in June 2017. Husband testified he attempted to sell the house in May 2017 because he could not afford to continue living there. Due to disagreements between Husband and Wife regarding the home's value, the house did not sell, and foreclosure proceedings were initiated against Husband and Wife in September 2017.

{¶ 31} Rather than find Husband in contempt for failing to follow the court's order and pay the mortgage, the trial court ordered the marital home to be sold and the net proceeds split between the parties. This court does not find an abuse of discretion in the trial court's finding. In making its decision, the trial court considered the amount owed on the marital residence, as well as Husband's inability to pay the mortgage and the pending foreclosure proceedings. Notably, the sale of the property will resolve the issue of Husband's nonpayment, and Wife will receive an adjusted portion of the net proceeds. As such, this court overrules Wife's third assignment of error.

{¶ 32} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.