[Cite as *Raymont v. Raymont*, 2021-Ohio-3022.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ERIC G. RAYMONT | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
|     Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2020CA0019 |
| TRISHA R. RAYMONT | |
|     Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Coshocton County Court of Common Pleas, Case No. 2017 DV 0022

JUDGMENT:    Affirmed, in part; Reversed, in part; and Remanded

DATE OF JUDGMENT ENTRY:    August 31, 2021

APPEARANCES:

For Plaintiff-Appellant

ROBERT E. WEIR
305 Main Street
Coshocton, Ohio 43812

For Defendant-Appellee

CHRISTIE M. L. THORNSLEY
309 Main Street
Coshocton, Ohio 43812

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Eric G. Raymont appeals the November 19, 2020 Judgment Entry entered by the Coshocton County Court of Common Pleas, which denied his motion to modify/terminate child support. Defendant-appellee is Trisha R. Raymont.

STATEMENT OF THE CASE AND FACTS

**{¶2}** The parties' marriage was terminated via magistrate's decision filed November 3, 2017, which was approved and adopted by the trial court via judgment entry filed November 20, 2017. Pursuant to the November 20, 2017 Judgment Entry, Appellant was ordered to pay spousal support in the amount of $2,000.00/month, and child support in the amount of $606.91/month. At the time of the divorce trial, Appellant was employed by AK Steel, and earned a yearly salary of approximately $88,088.00, plus $3,618.24, in overtime and bonuses.

**{¶3}** The Coshocton County Child Support Enforcement Agency ("CSEA") filed a motion to modify child support on May 15, 2018, seeking a reduction in Appellant's child support obligation due to his unemployment. The trial court granted the motion on the same day. On August 20, 2018, Appellee filed a motion for contempt, alleging Appellant failed to meet various financial obligations. Appellee subsequently filed an amended motion for contempt, which included additional financial obligations Appellant failed to satisfy. On January 9, 2019, the trial court found Appellant in contempt for failing to pay his spousal and child support obligations.

**{¶4}** CSEA filed a motion to modify child support on November 20, 2018, seeking an increase in Appellant's child support obligation after an administrative hearing officer found Appellant's unemployment "was not beyond his control." The trial court granted the motion on the same day. On September 3, 2019, Appellee filed a motion requesting

Appellant's retirement benefits be used to pay his arrearages and other financial obligations.  The trial court granted the motion via entry filed on February 14, 2020.

{¶5}    Appellant filed a pro se motion to modify spousal support on February 10, 2020.  Appellee filed a motion for attorney fees incurred in defending Appellant's motion to modify.   The trial court conducted a hearing on the motions on February 25, 2020.  At the hearing, the trial court dismissed Appellant's motion due to his failure to present evidence in support thereof.  Via Entry filed February 28, 2020, the trial court awarded attorney fees to Appellee in the amount of $1,125.00.  On April 6, 2020, Appellee filed a motion for contempt based upon Appellant's failure to pay her attorney fees.

{¶6}    Appellant filed a motion to modify/terminate spousal support on July 31, 2020.  CSEA filed a motion for hearing to modify child support on August 11, 2020.  Prior to the filing of the motion for hearing, on June 26, 2020, CSEA filed an administrative recommendation, recommending Appellant's child support obligation be modified from the current obligation of $711.44/month/child to $118.33/month/child based upon a change in Appellant's circumstances, specifically, a change in income.  On September 8, 2020, the trial court conducted a hearing on Appellee's motion for contempt, Appellant's motion to modify/terminate spousal support, and CSEA's motion.

{¶7}    At the hearing, Appellant testified, after almost 20 years, he was terminated for cause from AK Steel in January, 2018.  Appellant explained he had made an off-handed comment to a female co-worker.  As a result, the co-worker made a complaint to the human resources department.  Appellant did not deny making the comment, but stated the individual to whom he made the comment was a co-worker he had known for 15 years and was someone with whom he could joke around.

**{¶8}** Immediately following his termination, Appellant sought other employment, stating he had applied for "[w]ell over 500 positions, and I still do continue to apply." Tr. Sept. 8, 2020 Hearing at 12. Appellant prepared his resume and sent out applications. In addition, Appellant utilized online resources, attended job fairs, and contacted Job and Family Services. His boss at AK Steel wrote a positive letter of recommendation. Appellant explained he worked as a metallurgist, which is a very specialized field. Appellant did not obtain alternate employment for almost a year. Appellant eventually sought any type of employment. He even began training for Macy's call center. He is currently employed by Source 1 Alloys, earning an annual salary of $41,600.00, with no overtime or bonuses.

**{¶9}** At the time of the divorce hearing, Appellee was earning approximately $14,700/year. Appellee is currently employed by East Coast Risk Management, LLC, and earns an annual salary of $27,716.00.

**{¶10}** The trial court ordered the parties to submit proposed findings of fact and conclusions of law by October 8, 2020, but subsequently provided the parties with additional time to do so. On November 5, 2020, the parties filed their respective proposed findings of fact and conclusions of law. Via Judgment Entry filed November 19, 2020, the trial court denied Appellant's motion to modify/terminate. The trial court found there was no substantial change in circumstances necessary for the modification of child and/or spousal support as Appellant's "misconduct and resulting reduction in income are considered voluntary underemployment and discharge." *Id.* at 4.

**{¶11}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT WAS VOLUNTARILY UNDEREMPLOYED.

II. THE TRIAL COURT ERRED WHEN IT FOUND THERE WAS NOT A SUBSTANTIAL CHANGE IN CIRCUMSTANCES WARRANTING A MODIFICATION OF APPELLANT'S SPOUSAL AND CHILD SUPPORT OBLIGATIONS.

III. THE TRIAL COURT DID NOT TAKE INTO CONSIDERATION THE INCREASE IN APPELLEE'S INCOME IN HIS DETERMINATION THAT THERE WAS NOT A CHANGE IN CIRCUMSTANCES.

I, II, III

**{¶12}** For ease of discussion, we elect to address Appellant's three assignments of error together.

**{¶13}** A trial court enjoys broad discretion determining whether or not to modify an existing spousal support order. *Mottice v. Mottice* (1997), 118 Ohio App.3d 731, 735, 693 N.E.2d 1179; *Schultz v. Schultz* (1996), 110 Ohio App.3d 715, 724, 675 N.E.2d 55. Abuse of discretion "connotes more than an error of law or judgment," rather "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶14}** R.C. 3105.18(E) provides a trial court does not have jurisdiction to modify the amount of spousal support unless the court "determines that the circumstances of either party have changed." A change of circumstances "includes, but is not limited to, any increase or involuntarily decrease in the party's wages, salary, bonuses, living

expenses, or medical expenses, or other changed circumstances." R.C. 3105.18(F). In order to constitute a basis for modifying spousal support, the change of circumstances must be material, not purposely brought about by the moving party, and not contemplated at the time the parties entered into the prior agreement. *Waters v. Boney*, 5th Dist. Stark No. 2008-CA-00127, 2009-Ohio-574; *Weddington v. Weddington*, 5th Dist. Licking No. 10CA00023, 2010-Ohio-4967.

**{¶15}** In its November 19, 2020 Judgment Entry, the trial court made the following Conclusions of Law:

16. Voluntary underemployment and/or discharge brought about by an obligor is not a substantial change of circumstances. Boron v. Boron, 2019-Ohio-714 (5th Dist. Stark, February 26, 2019).

17. The Court finds that [Appellant] was discharged form [sic] his employment with AK Steel for creating a hostile work environment. Specifically, [Appellant] made statements to a female co-worker that can be construed as sexual harassment.

18. [Appellant's] misconduct and resulting reduction in income [were] considered voluntarily underemployment and discharge. Therefore, there is no substantial change in circumstances required for the modification of child support and spousal support.

*Id.* at 4.

**{¶16}** We find the trial court did not err in finding Appellant was voluntarily underemployed as Appellant's own actions caused his termination. However, we find the trial court's reliance on this Court's opinion in *Boron v. Boron*, 5th Dist. Stark No. 2018-CA-00080, 2019-Ohio-714, to be misplaced. We find *Boron* to be factually distinguishable.

**{¶17}** In *Boron*, the parties' marriage was dissolved in March, 2014. *Id.* at ¶4. Pursuant to the parties' separation agreement, the husband agreed to pay $400.00/month for child support and $1250.00/month for 96 months for spousal support. *Id.* at ¶2-3. At the time of the dissolution, the husband had been employed with GBS for approximately thirty-five (35) years, and earned $105,176.78. *Id.* at ¶12. In April, 2015, the husband was placed on probation for failing to meet his sales quotas for the prior three or four years. *Id.* at ¶6. The husband was advised he had to increase his productivity or GBS would take steps to terminate him at the end of 2015. *Id.* Rather than being terminated, the husband resigned from his position in May, 2015. *Id.* The husband did not work for 22 months because he decided to "take a break, enjoy life, and gather his thoughts." *Id.* at ¶10. He eventually accepted a sales position with Copeco, but voluntarily terminated this employment as he did not like selling copiers. *Id.*

**{¶18}** The husband filed a motion to terminate or modify spousal support and child support in November, 2017. *Id.* at ¶5. At the time of the modification hearing, the husband was working at the deli counter of a grocery store, earning $8.75/hour, and working approximately 28-30 hours/week. *Id.* at ¶12. The husband was not actively seeking alternative employment. *Id.*

**{¶19}** The magistrate found the husband was voluntarily underemployed and concluded a modification or termination of spousal support was not warranted at the time. *Id.* at ¶13. The trial court overruled the husband's objections to the magistrate's decision. The husband appealed to this Court, which affirmed. We found the trial court did not abuse its discretion in finding no substantial change in circumstances because the decrease in the husband's income was voluntary and was brought about by his own actions. *Id.* at ¶33.

**{¶20}** Unlike the husband in *Boron*, who quit his job and took a 22-month break from working, Appellant herein was terminated and immediately sought other employment, applying for "[w]ell over 500 positions" and continuing to seek employment in line with his position at AK Steel. Tr. Sept. 8, 2020 Hearing at 12. Appellant utilized online resources, attended job fairs, and contacted Job and Family Services. His boss at AK Steel wrote a positive letter of recommendation. Appellant worked in a very specialized field. Appellant did not obtain alternate employment for almost a year. Appellant eventually sought any type of employment. He even began training for Macy's call center. He is currently employed with Source 1 Alloys, earning an annual salary of $41,600.00, with no overtime or bonuses. While the trial court properly considered Appellant voluntarily underemployed, the decrease in Appellant's income was not purposely brought about by him.

**{¶21}** Although Appellant was voluntarily underemployed due to his own actions, we find consideration of his inability to regain employment at the level enjoyed before the divorce is both relevant and equitable in determining whether there was a substantial change in circumstances. See *Gibson v. Gibson*, 2d Dist. Montgomery No. 28171, 2019-

Ohio-1799 (regarding ex-husband's employability after felony conviction and efforts to find comparable jobs); *Courtney v. Courtney*, 12th Dist. Warren No. CA2013-09-087, 2014-Ohio-4281 (trial court abused its discretion in failing to consider reduction in father's earning capacity after law license was suspended due to felony conviction for aggravated theft). In determining whether there was a change in circumstances, the trial court should have considered the fact Appellant was terminated for a non-criminal offense, made legitimate and diligent efforts to gain comparable employment, and Appellee's income increased approximately 50% since the time of the original divorce hearing.

{¶22} Based upon the foregoing, Appellant's first assignment of error is overruled, and his second and third assignments of error are sustained.

{¶23} The judgment of the Coshocton County Court of Common Pleas is affirmed, in part, reversed, in part, and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.
Baldwin, P.J. and
Wise, John, J. concur