[Cite as *Jestice v. Jestice*, 2014-Ohio-3777.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

CRAIG JESTICE,                                    :

    Plaintiff-Appellant,                      :
                                                    

    - vs -

KRISTIN JESTICE,                                  :

    Defendant-Appellee.                       :

CASE NO. CA2013-07-133

O P I N I O N
9/2/2014

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR 2012 07 0860

Helen M. Kendrick, 5658 McCarthy Court, West Chester, Ohio 45609, for plaintiff-appellant

Kristin Jestice, 4141 Hamilton Eaton Road, Lot 23, Hamilton, Ohio 45011, defendant-appellee, pro se

**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, Craig Jestice, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, in his action for divorce from defendant-appellee, Kristin Jestice. For the reasons discussed below, we affirm in part, reverse in part, and remand the cause to the trial court for further proceedings.

{¶ 2} The parties were married on December 6, 2007, and subsequently resided

together in Trenton, Ohio. Two daughters were born as issue of the marriage: the elder in July 2008, and the younger in June 2011. The parties separated in 2012, and Craig took temporary custody of the children. In July 2012, Craig filed a complaint for divorce, seeking designation as the residential parent and legal custodian of the children.

{¶ 3} Two hearings were held in January and February 2013, during which both parties agreed that Kristin abused prescription drugs throughout the first half of 2012. Craig testified that this abuse created an unsafe environment for the children, and he presented evidence that Kristin's drug issues led to her dismissal from two jobs for criminal behavior. This behavior included theft from a resident at the nursing home where she worked until April 2012, and participation in the theft and forgery of a check from a co-worker at the grocery store where she worked between April and June 2012. Craig also presented evidence of Kristin's arrest in June 2012 at the marital residence for drug possession and child endangerment, and several subsequent traffic violations.

{¶ 4} In July 2013, the trial court entered a decree of divorce awarding custody of the children to Craig, imposing child support obligations on Kristin, dividing the marital property between the two parties, and awarding Craig an additional $13,026.94 to equalize the division. Craig now appeals, raising two assignments of error.

{¶ 5} Assignment of error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY CALCULATING APPELLEE'S CHILD SUPPORT OBLIGATION BASED UPON IMPUTED WAGES FOR ONLY TWENTY HOURS OF WORK PER WEEK.

{¶ 7} In his first assignment of error, Craig argues the trial court abused its discretion by imputing potential income to Kristin for only 20 hours of work per week for the purpose of calculating her child support obligation. He bases his argument, in part, on his allegations of the trial court's mischaracterization of the evidence before it, including the court's references

- 2 -

to Kristin as a licensed practical nurse (LPN) rather than a state tested nursing assistant (STNA). He asserts that income must be imputed to Kristin based upon the hours and the rate at the job for which she was terminated for her criminal behavior – he contends 35 hours per week at $11 to $13 per hour – and her child support obligation recalculated on that basis.

{¶ 8} For the purpose of calculating child support obligations, a trial court must determine the annual income for each parent. *Reynolds-Cornett v. Reynolds*, 12th Dist. Butler No. CA2013-09-175, 2014-Ohio-2893, ¶ 10. For a parent who is unemployed or underemployed, "income" consists of the sum of the gross income of the parent, and any "potential income" of the parent. *Id.*, citing R.C. 3119.01(C)(5)(b). If the trial court finds that a parent is voluntarily underemployed or voluntarily unemployed, then it must consider the nonexclusive list of criteria set forth in R.C. 3119.01(C)(11)(a) to determine the amount of potential income to impute to the parent. *Corwin v. Corwin*, 12th Dist. Warren No. CA2013-01-005, 2013-Ohio-3996, ¶ 74. These criteria include such personal factors as the parent's prior employment experience, skills, training, health, and earning capability. *Id.*

{¶ 9} The determinations of whether a party is voluntarily unemployed or voluntarily underemployed, and the amount of income that should be imputed to her, if any, are factual determinations to be made by the trial court based on the circumstances of each particular case. *Moore v. Moore,* 12th Dist. Clermont No. CA2006-09-066, 2007-Ohio-4355, ¶ 67, citing *Rock v. Cabral,* 67 Ohio St.3d 108, 112 (1993). The trial court's determination on these issues will not be disturbed on appeal absent an abuse of discretion. *Vreeland v. Vreeland*, 12th Dist. Butler No. CA2011-12-238, 2012-Ohio-4222, ¶ 13. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} In the present case, the trial court determined that Kristin lost both of her last

two jobs due to her criminal behavior. Based on this determination, the trial court found that Kristin was voluntarily unemployed, and properly proceeded to an imputation of potential income. *See Hurley v. Austin*, 8th Dist. Cuyahoga No. 99992, 2013-Ohio-5592, ¶ 16, citing *Groves v. Groves*, 12th Dist. Clermont No. CA2008-06-059, 2009-Ohio-931, ¶ 21-24 (finding that criminal convictions are voluntary acts that should not relieve individuals of their child support obligations).

{¶ 11} In so doing, the trial court noted that Kristin's former job at the nursing home paid her $12.50 to $13.00 an hour for between 10 and 32 hours of work per week. For the purpose of imputing Kristin's potential income, the trial court adopted the nursing home's wage rate of $12.50 per hour, but identified several reasons for multiplying it by only 20 hours of work per week. For instance, the court speculated that Kristin's criminal behavior in the course of her job at the nursing home likely placed her nursing license in jeopardy. Although this conjecture may have been inaccurate as to Kristin's former position with the nursing home – she served as an STNA, not an LPN – subsequent language in the court's analysis clarifies the conjecture's import: Kristin clearly has serious issues affecting her earning capability. In addition, the trial court determined that Kristin's earning capability would be further limited during the period of incarceration or community control, and possibly more substance abuse treatment, that she was due to receive after pleading guilty to two felony charges in the days leading up to the final divorce hearing. Because there is no evidence on the record that Kristin has any current ability to earn more than the amount imputed by the trial court, we find no abuse of discretion. *See Vreeland* at ¶ 14.

{¶ 12} Craig's first assignment of error is overruled.

{¶ 13} Assignment of error No. 2:

{¶ 14} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO AWARD AN EQUITABLE DIVISION OF MARITAL PROPERTY.

{¶ 15} In his second assignment of error, Craig challenges the trial court's division of property and distributive award on three grounds. He maintains that he was entitled to a greater distributive award due to Kristin's financial misconduct, that the trial court failed to consider the factors required by R.C. 3105.171(F) in making the division of marital property, and that he was prejudiced by the trial court's failure to specify a deadline by which Kristin must pay the distributive award.

{¶ 16} After granting a divorce, the trial court is required to divide and distribute the marital estate equally between the parties, unless the court finds an equal division would be inequitable. *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 54, citing R.C. 3105.171(C)(1). In effecting this task, the trial court must consider the relevant factors in R.C. 3105.171(F). R.C. 3105.171(C)(1). In addition to dividing the marital property, the trial court may also make a distributive award for such purposes as facilitating the division of property, or compensating an offended spouse for the other spouse's financial misconduct or failure to disclose pertinent financial information. R.C. 3105.171(E).

{¶ 17} Findings as to whether a party has engaged in financial misconduct are reviewed pursuant to the manifest-weight-of-the-evidence standard. *Robinson v. Robinson*, 12th Dist. Warren No. CA2012-11-118, 2013-Ohio-4435, ¶ 14. Under this standard, the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact "'clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" (Alteration in original.) *Id.*, quoting *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20. The burden of proving financial misconduct is on the complaining party. *Grow v. Grow*, 12th Dist. Butler No. CA2010-08-209, 2012-Ohio-1680, ¶ 103.

{¶ 18} Craig argues the trial court's finding that Kristin did not engage in financial

misconduct is against the manifest weight of the evidence. However, the trial court heard extensive testimony throughout the hearings on the couple's financial affairs during the marriage. Although the trial court did not admit into evidence Craig's list of allegations of Kristin's financial misconduct in 2011 and 2012, it did allow Craig to testify specifically as to all of the instances listed. Moreover, Craig failed to provide additional documentary evidence to corroborate his testimony regarding several of the alleged instances of misconduct. Because the trial court was in the best position to weigh the credibility of the testimony and evidence provided, we cannot say that its finding was against the manifest weight of the evidence. *Zollar v. Zollar*, 12th Dist. Butler No. CA2008-03-065, 2009-Ohio-1008, ¶ 17.

{¶ 19} As to Craig's other arguments, the trial court's division of marital property, as well as the timeline for payment of the distributive award, are reviewed under an abuse of discretion standard. *Robinson*, 2013-Ohio-4435 at ¶ 15; *Dewsnap v. Dewsnap*, 12th Dist. Clermont No. CA2007-09-094, 2008-Ohio-4433, ¶ 13, 44. After granting a divorce, the trial court is vested with broad discretion in determining the appropriate scope of property awards. *Flynn v. Flynn*, 196 Ohio App.3d 93, 2011-Ohio-4714, ¶ 37 (12th Dist.). Therefore, the reviewing court should measure the trial court's adherence to the statutory requirements, "'but should not substitute its judgment for that of the trier of fact unless, considering the totality of the circumstances, it finds that the court abused its discretion.'" *Id.*, quoting *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 130-131 (1989).

{¶ 20} To facilitate meaningful appellate review of its property division and, if applicable, its grant of a distributive award, the trial court is required to "make written findings of fact that support the determination that the marital property has been equitably divided * * *." R.C. 3105.171(G); *Williams*, 2013-Ohio-3318 at ¶ 55. This requirement is satisfied when the reviewing court is able to ascertain the requisite information from the record. *Williams* at ¶ 55.

{¶ 21} Based upon the record before us, we are unable to ascertain whether the trial court properly considered the relevant factors in R.C. 3105.171(F) in making the division of marital property. We therefore find that the trial court's decision fails to comply with the requirements of R.C. 3105.171(G). *Mannerino v. Mannerino*, 12th Dist. Butler No. CA2010-08-210, 2012-Ohio-1592, ¶ 20. Accordingly, we reverse the judgment of the trial court in part, and remand this cause to the trial court to reconsider its division of marital property and make the written findings of fact required by R.C. 3105.171(F) and (G).

{¶ 22} In so holding, we acknowledge Craig's legitimate concern regarding the trial court's omission of a deadline by which Kristin must pay the distributive award. On its own, this omission does not constitute an abuse of discretion warranting reversal. *Dewsnap*, 2008-Ohio-4433 at ¶ 44. Nevertheless, while this cause is before the trial court to remedy the foregoing defect, we note that it is the better practice for courts to provide parties to a divorce with a deadline by which they may enforce their respective awards.

{¶ 23} Craig's second assignment of error is overruled in part, and sustained in part.

{¶ 24} Judgment affirmed in part, reversed in part, and remanded to the trial court for action consistent with this opinion.

RINGLAND, P.J., and PIPER, J., concur.