[Cite as *Courtney v. Courtney*, 2014-Ohio-4281.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| MELISSA A. COURTNEY, | : | |
| | | CASE NOS. CA2013-09-087 |
| Plaintiff-Appellee/ | : | CA2013-10-096 |
| Cross-Appellant, | | |
| | : | O P I N I O N |
| | | 9/29/2014 |
| - vs - | : | |
| | : | |
| DARREN L. COURTNEY, | | |
| | : | |
| Defendant-Appellant/ | | |
| Cross-Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12DR35243


Rittgers & Rittgers, Nicholas D. Graman, 12 East Warren Street, Lebanon, Ohio 45036, for plaintiff-appellee/cross-appellant

Jim L. Hardin, 200 East Silver Street, Lebanon, Ohio 45036, for defendant-appellant/cross-appellee


**S. POWELL, J.**

{¶ 1}  Defendant-appellant/cross-appellee, Darren L. Courtney (Father), appeals from a divorce decree issued by the Warren County Court of Common Pleas, Domestic Relations Division, following his divorce from plaintiff-appellee/cross-appellant, Melissa A. Courtney (Mother).  Mother has filed a cross-appeal from the same divorce decree.  For the reasons

outlined below, we affirm in part, reverse in part and remand for further proceedings.

{¶ 2}  Mother and Father were married on September 9, 1994.  The couple had three children born issue of the marriage, the youngest being a special needs child due to his diagnosis of Fragile X Syndrome.  On January 12, 2012, after discovering information she believed proved Father was having an affair, Mother filed a complaint for divorce.  Shortly thereafter, on February 17, 2012, Father was terminated from his position as general in-house counsel with Fujitec America, Inc., based on allegations he had sexually harassed a co-worker.  It is undisputed that Father earned a salary of $161,967 from his employment with Fujitec America for the year 2011.

{¶ 3}  Following his termination from the company, on March 2, 2012, Fujitec America notified the Mason Police Department that it had discovered documents in Father's office and on his office computer that lead them to believe Father had stolen thousands of dollars from the company.  On June 25, 2012, after the police investigation had concluded, a Warren County grand jury returned an indictment against Father charging him with two counts of aggravated theft, one count of telecommunications fraud, and one count of tampering with records, all third-degree felonies.  Father subsequently pled guilty to one count of aggravated theft on March 28, 2013 and was then sentenced on May 15, 2013.  *See State v. Courtney*, Warren C.P. No. 12CR28271 (May 15, 2013) (Judgment Entry of Sentence).  As a result of his guilty plea, the Ohio Supreme Court suspended Father from the practice of law for an interim period beginning on June 21, 2013 pending a disciplinary investigation and proceeding.  *See In re Courtney*, 136 Ohio St.3d 1220, 2013-Ohio-2551.

{¶ 4}  On March 28, 2013, the same day Father entered his guilty plea, a final divorce hearing was held, wherein a magistrate heard testimony from both Mother and Father.  During the final divorce hearing, Mother testified that she worked for Mason Public Schools as a special education teacher making $51,670 a year, as well as tutoring students five hours

a week making $19.50 an hour. Mother also testified that she worked at a nursing home during the summer making $10 an hour.

{¶ 5} On the other hand, Father testified "I'd rather be a contractor and carpenter than an attorney." To that end, Father testified he had done "some" work as a carpenter and a contractor billing at a rate of $20 an hour. Father also testified that he was working at Office Depot making $10.50 an hour and that he received $539 per week in unemployment. According to Father's testimony, he hoped to start a contracting business over the next several years because he "can be a decent businessman and hopefully I can make a decent living."

{¶ 6} On April 5, 2013, the magistrate issued its decision recommending the parties be divorced. As part of that decision, the magistrate found Father was voluntarily underemployed and imputed income to him for child and spousal support purposes in the amount of $161,967, the same amount Father made while working as general in-house counsel for Fujitec America in 2011. The magistrate also awarded Mother $5,787 in attorney fees by allowing Mother to retain Father's share in an IRA valued at $11,574. Mother and Father both filed objections to the magistrate's decision, which, as relevant here, the trial court denied. The trial court then issued an entry and final decree and judgment of divorce adopting the magistrate's decision on September 20, 2013.

{¶ 7} Father now appeals from the trial court's decision, raising four assignments of error for review. Mother has also appealed from that decision, raising a single cross-assignment of error for review.

{¶ 8} Father's Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DETERMINATION OF CHILD SUPPORT OF $1408.43 PER MONTH BY IMPROPERLY IMPUTING INCOME, FAILING TO GRANT A DEVIATION, AND BY OFFSETTING PAST AND FUTURE

SUPPORT AMOUNTS AGAINST APPELLANT'S IRA INTEREST.

{¶ 10} In his first assignment of error, Father argues the trial court erred by finding him to be voluntarily underemployed and by imputing potential income to him in the amount of $161,967 for purposes of computing child support.

{¶ 11} Pursuant to R.C. 3119.01(C)(11), before a trial court may impute income to a parent for purposes of computing child support, it must first find that the parent is voluntarily unemployed or voluntarily underemployed. *Reynolds-Cornett v. Reynolds*, 12th Dist. Butler No. CA2013-09-175, 2014-Ohio-2893, ¶ 10. Whether a party is voluntarily unemployed or voluntarily underemployed is "a factual determination to be made by the trial court based on the circumstances of each particular case." *Rotte v. Rotte*, 12th Dist. Butler No. CA2004-10-249, 2005-Ohio-6269, ¶ 14, citing *Rock v. Cabral*, 67 Ohio St.3d 108, 112 (1993). The trial court's determination on this issue will not be disturbed on appeal absent an abuse of discretion. *Jestice v. Jestice*, 12th Dist. Butler No. CA2013-07-133, 2014-Ohio-3777, ¶ 9. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 12} After a thorough review of the record, we find the trial court did not abuse its discretion in finding Father was voluntarily underemployed. As noted above, Father was terminated from his position as general in-house counsel for Fujitec America after it was alleged he sexually harassed of a co-worker. Since that time, Father pled guilty to aggravated theft, a third-degree felony, after it was discovered he had stolen thousands of dollars from the company. Although not yet suspended from the practice of law at the time of the final divorce hearing, as noted above, the Ohio Supreme Court has since suspended

- 4 -

Father from the practice of law for an interim period pending a disciplinary investigation and proceeding. Father's felony conviction and suspension from the practice of law can all be attributed to his voluntary and admittedly illegal acts. Therefore, we find no abuse of discretion in the trial court's decision finding Father was voluntarily underemployed. Accordingly, Father's argument challenging the trial court's finding him voluntarily underemployed is overruled.

{¶ 13} Our inquiry, however, does not end there for Father also argues the trial court erred by imputing potential income to him. As this court recently stated, if the trial court finds that a parent is voluntarily underemployed, such as the case here, "then it must consider the nonexclusive list of criteria set forth in R.C. 3119.01(C)(11)(a) to determine the amount of potential income to impute to the parent." *Jestice*, 2014-Ohio-3777 at ¶ 8, citing *Corwin v. Corwin*, 12th Dist. Warren No. CA2013-01-005, 2013-Ohio-3996, ¶ 74. This "potential income" includes imputed income a trial court determines the parent would have earned if fully employed based upon personal factors such as: (1) the parent's prior employment experience; (2) the parent's education; (3) the parent's physical and mental disabilities, if any; (4) the parent's special skills and training; (5) whether there is evidence that the parent has the ability to earn the imputed income; (6) the age and special needs of the child for whom child support is being calculated; (7) the parent's increased earning capacity because of experience; (8) the parent's decreased earning capacity because of a felony conviction; and (9) any other relevant factor. *Marron v. Marron*, 12th Dist. Warren Nos. CA2013-11-109 and CA2013-11-113, 2014-Ohio-2121, ¶ 45, citing R.C. 3119.01(C)(11)(a).

{¶ 14} The amount of income that should be imputed, if any, is also a factual determination made by the trial court based on the circumstances of each particular case. *Moore v. Moore*, 12th Dist. Clermont No. CA2006-09-066, 2007-Ohio-4355, ¶ 67, citing *Cabral*, 67 Ohio St.3d at 112. Therefore, just as the trial court's decision as to whether a

parent is voluntarily underemployed, the trial court's determination on the amount of income to impute to an underemployed parent will likewise not be disturbed on appeal absent an abuse of discretion. *Jestice*, 2014-Ohio-3777 at ¶ 9; *see also Justice v. Justice*, 12th Dist. Warren No. CA2006-11-134, 2007-Ohio-5186, ¶ 7. As stated previously, an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶ 15} Based on the facts and circumstances of this case, we find the trial court abused its discretion in imputing $161,967 in potential income to Father, the same amount he made while working as general in-house counsel for Fujitec America in 2011. Again, although highly educated and trained in the law, the Ohio Supreme Court has suspended Father from the practice of law for an interim period pending a disciplinary investigation and proceeding, thereby making his ability to earn the imputed income highly unlikely. Moreover, while he hopes to start a contractor business, Father's earning capacity is greatly reduced due to his felony conviction for aggravated theft. The record also contains evidence indicating Father has struggled with depression and may have at one point exhibited suicidal ideations. Therefore, while it is true the parties' youngest child does require special needs, imputing the same amount of income to Father that he earned as a high-paying attorney is not reasonable and amounts to an abuse of discretion. Accordingly, Father's argument challenging the trial court's decision imputing potential income to him in the amount of $161,967 is sustained.

{¶ 16} Father has raised several other issues under his first assignment of error regarding the trial court's decision to award child support. However, in light of our findings above, these issues are now rendered moot. Accordingly, Father's first assignment of error is overruled as it relates to the trial court's decision finding him voluntarily underemployed, but sustained as it relates to the trial court's decision imputing potential income to him in the

amount of $161,967.

{¶ 17} Father's Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED IN DETERMINING THE AMOUNT, LENGTH, TYPE AND TERMS OF PAYMENT OF SPOUSAL SUPPORT.

{¶ 19} In his second assignment of error, Father challenges multiple aspects of the trial court's award of spousal support to Mother, a decision also based on the trial court's erroneous decision to impute $161,967 in potential income to Father. Therefore, without offering any opinion as to the merits of Father's claims in regards to the length, type and terms of the trial court's spousal support award, Father's second assignment of error is also sustained.

{¶ 20} Father's Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED IN ITS FINDINGS AND DISTRIBUTION OF MARITAL PROPERTY PURSUANT TO [R.C.] 3105.171.

{¶ 22} In his third assignment of error, Father argues the trial court erred in its distribution of marital property. Admittedly, this case provides a multitude of complex issues regarding the proper distribution of marital property. However, based on our review of the record, the trial court's decision regarding its findings and distribution of marital property was also based, at least in part, on its erroneous decision to impute $161,967 in potential income to Father. Therefore, as with his second assignment of error addressed above, Father's third assignment of error is likewise sustained.

{¶ 23} Father's Assignment of Error No. 4:

{¶ 24} THE TRIAL COURT ERRED WHEN IT ORDERED APPELLANT TO PAY A PORTION OF APPELLEE'S ATTORNEYS' FEES.

{¶ 25} In his fourth assignment of error, Father argues the trial court erred by ordering him to pay Mother $5,785 towards her attorney fees. Father, however, did not raise this

issue as part of his timely-filed objections to the magistrate's April 5, 2013 decision recommending their divorce. By failing to file an objection to the magistrate's decision on this basis, a requirement of which he was explicitly informed, Father has effectively waived any such claim on appeal. *See* Civ.R. 53(D)(3)(b)(iv); *see, e.g., Needham v. Jones*, 12th Dist. Butler No. CA2012-07-135, 2013-Ohio-2965, ¶ 22; *Ruble v. Ruble*, 12th Dist. Madison No. CA2010-09-019, 2011-Ohio-3350, ¶ 46; *Mavity v. Mavity*, 12th Dist. Butler Nos. CA2000-12-244 and CA2000-12-247, 2002 WL 205422, *8 (Feb. 11, 2002). Father's fourth assignment of error is therefore overruled.

{¶ 26} Mother's Cross-Assignment of Error No. 1:

{¶ 27} THE TRIAL COURT ERRED IN GRANTING ONLY $5787 OF APPELLEE/CROSS-APPELLANT'S ATTORNEY'S FEES.

{¶ 28} In her single cross-assignment of error, Mother argues the trial court erred by ordering Father to pay only $5,785 in attorney fees when her litigation expenses were actually in excess of $19,000.

{¶ 29} Pursuant to R.C. 3105.73(A), in an action for divorce:

> a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶ 30} It is well-established that an award of attorney fees is within the sound discretion of the trial court. *Casper v. Casper*, 12th Dist. Warren Nos. CA2012-12-128 and CA2012-12-129, 2013-Ohio-4329, ¶ 62. In turn, a trial court's decision to award attorney fees will be reversed only if it amounts to an abuse of discretion. *Reynolds-Cornett*, 2014-Ohio-2893 at ¶ 28, citing *Foppe v. Foppe*, 12th Dist. Warren No. CA2010-06-056, 2011-Ohio-49, ¶ 34.

{¶ 31} Based on the facts and circumstances of this case, we find no abuse of discretion in the trial court's decision to award Mother $5,787 in attorney fees, as opposed to some larger portion of her overall attorney fees and litigation expenses. The record is clear that the trial court considered the conduct of Father in determining the necessity and reasonableness of attorney fees, which it has discretion to do.

{¶ 32} However, in order to effectuate such an award, the trial court allowed Mother to retain Father's share of an IRA valued at $11,574. Based upon our decision in Father's first, second and third assignments of error, we find the trial court's decision to award Mother the entire share of this IRA as Father's contribution towards her attorney fees may also be impacted by such an award. Therefore, although we find no abuse of discretion in the trial court's decision to award Mother with only $5,787 in attorney fees, the trial court's decision must nevertheless be reversed so that this entire case can be reviewed anew in light of our decision finding the trial court erred by imputing potential income to Father in the amount of $161,967. Therefore, Mother's single cross-assignment of error is overruled.

{¶ 33} Judgment affirmed in part, reversed in part and remanded for further proceedings.

HENDRICKSON, P.J., and M. POWELL, J., concur.