[Cite as *Raymont v. Raymont*, 2022-Ohio-2389.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| ERIC G. RAYMONT, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| TRISHA R. RAYMONT, | : | | Case No. 2021CA0029 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Coshocton County
                                Court of Common Pleas, Case
                                No. 2017 DV 0022

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               July 11, 2022

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CHRISTINE M. L. THORNSLEY               ROBERT E. WEIR
309 Main Street                         305 Main Street
Coshocton, Ohio 43812                   Coshocton, Ohio 43812

*Baldwin, J.*

**{¶1}** Appellant, Trisha Raymont, appeals the Coshocton County Court of Common Pleas decision modifying the obligation of Eric Raymont to pay spousal and child support.

## STATEMENT OF THE CASE AND THE FACTS

**{¶2}** This case was before this court in 2021 as *Raymont v. Raymont,* 5th Dist. Coshocton No. 2020CA0019, 2021-Ohio-3022 (*Raymon*t I). We sustained two of the assignments of error in that case and remanded the matter for further proceedings consistent with our opinion. The trial court considered our remand and issued a new decision to which appellant, Trisha Raymont takes exception and appeals. The facts, remaining unchanged, are incorporated from our opinion in *Raymon*t I*.*

**{¶3}** The parties' marriage was terminated via magistrate's decision filed November 3, 2017, which was approved and adopted by the trial court via judgment entry filed November 20, 2017. Pursuant to the November 20, 2017 Judgment Entry, Appellee was ordered to pay spousal support in the amount of $2,000.00/month, and child support in the amount of $606.91/month. At the time of the divorce trial, Appellee was employed by AK Steel and earned a yearly salary of approximately $88,088.00, plus $3,618.24 in overtime and bonuses.

**{¶4}** The Coshocton County Child Support Enforcement Agency ("CSEA") filed a motion to modify child support on May 15, 2018, seeking a reduction in Appellee's child support obligation due to his unemployment. The trial court granted the motion on the same day. On August 20, 2018, Appellant filed a motion for contempt, alleging Appellee failed to meet various financial obligations. Appellant subsequently filed an amended

motion for contempt, which included additional financial obligations Appellee failed to satisfy. On January 9, 2019, the trial court found Appellee in contempt for failing to pay his spousal and child support obligations.

{¶5} CSEA filed a motion to modify child support on November 20, 2018, seeking an increase in Appellee's child support obligation after an administrative hearing officer found Appellee's unemployment "was not beyond his control." The trial court granted the motion on the same day. On September 3, 2019, Appellant filed a motion requesting Appellee's retirement benefits be used to pay his arrearages and other financial obligations. The trial court granted the motion via entry filed on February 14, 2020.

{¶6} Appellee filed a pro se motion to modify spousal support on February 10, 2020. Appellant filed a motion for attorney fees incurred in defending Appellee's motion to modify. The trial court conducted a hearing on the motions on February 25, 2020. At the hearing, the trial court dismissed Appellee's motion due to his failure to present evidence in support thereof. Via Entry filed February 28, 2020, the trial court awarded attorney fees to Appellant in the amount of $1,125.00. On April 6, 2020, Appellant filed a motion for contempt based upon Appellant's failure to pay her attorney fees.

{¶7} Appellee filed a motion to modify/terminate spousal support on July 31, 2020. CSEA filed a motion for hearing to modify child support on August 11, 2020. Prior to the filing of the motion for hearing, on June 26, 2020, CSEA filed an administrative recommendation, recommending Appellee's child support obligation be modified from the current obligation of $711.44/month/child to $118.33/month/child based upon a change in Appellee's circumstances, specifically, a change in income. On September 8, 2020, the

trial court conducted a hearing on Appellant's motion for contempt, Appellee's motion to modify/terminate spousal support, and CSEA's motion.

**{¶8}** At the hearing, Appellee testified, after almost 20 years, he was terminated for cause from AK Steel in January, 2018. Appellee explained he had made an off-handed comment to a female co-worker. As a result, the co-worker made a complaint to the human resources department. Appellant did not deny making the comment, but stated the individual to whom he made the comment was a co-worker he had known for 15 years and was someone with whom he could joke around.

**{¶9}** Immediately following his termination, Appellee sought other employment, stating he had applied for "[w]ell over 500 positions, and I still do continue to apply." Tr. Sept. 8, 2020 Hearing at 12. Appellee prepared his resume and sent out applications. In addition, Appellee utilized online resources, attended job fairs, and contacted Job and Family Services. His boss at AK Steel wrote a positive letter of recommendation. Appellee explained he worked as a metallurgist, which is a very specialized field. Appellee did not obtain alternate employment for almost a year. Appellee eventually sought any type of employment. He even began training for Macy's call center.

**{¶10}** He is currently employed by Source 1 Alloys, earning an annual salary of $41,600.00, with no overtime or bonuses.

**{¶11}** At the time of the divorce hearing, Appellant was earning approximately $14,700/year. The record shows that, at the time of the September 8, 2020 hearing, Appellant was employed by East Coast Risk Management, LLC, and earned an annual salary of $27,716.00.

**{¶12}**  The trial court ordered the parties to submit proposed findings of fact and conclusions of law by October 8, 2020, but subsequently provided the parties with additional time to do so. On November 5, 2020, the parties filed their respective proposed findings of fact and conclusions of law. Via Judgment Entry filed November 19, 2020, the trial court denied Appellee's motion to modify/terminate. The trial court found there was no substantial change in circumstances necessary for the modification of child and/or spousal support as Appellee's "misconduct and resulting reduction in income are considered voluntary underemployment and discharge." *Id.* at 4.

**{¶13}**  Appellee filed an appeal, raising the following assignments of error:

**{¶14}**  "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT WAS VOLUNTARILY UNDEREMPLOYED."

**{¶15}**  "II. THE TRIAL COURT ERRED WHEN IT FOUND THERE WAS NOT A SUBSTANTIAL CHANGE IN CIRCUMSTANCES WARRANTING A MODIFICATION OF APPELLANT'S SPOUSAL AND CHILD SUPPORT OBLIGATIONS."

**{¶16}**  "III. THE TRIAL COURT DID NOT TAKE INTO CONSIDERATION THE INCREASE IN APPELLEE'S INCOME IN HIS DETERMINATION THAT THERE WAS NOT A CHANGE IN CIRCUMSTANCES."

**{¶17}**  We found that "the trial court did not err in finding [Appellee] was voluntarily underemployed as [Appellee's] own actions caused his termination" *Raymont I at ¶ 16* but we sustained the second and third assignments of error holding that:

Although [Appellee] was voluntarily underemployed due to his own actions, we find consideration of his inability to regain employment at the level enjoyed before the divorce is both relevant and equitable in

determining whether there was a substantial change in circumstances. See *Gibson v. Gibson*, 2d Dist. Montgomery No. 28171, 2019-Ohio-1799 (regarding ex-husband's employability after felony conviction and efforts to find comparable jobs); *Courtney v. Courtney*, 12th Dist. Warren No. CA2013-09-087, 2014-Ohio-4281 (trial court abused its discretion in failing to consider reduction in father's earning capacity after law license was suspended due to felony conviction for aggravated theft). In determining whether there was a change in circumstances, the trial court should have considered the fact [Appellee] was terminated for a non-criminal offense, made legitimate and diligent efforts to gain comparable employment, and [Appellant's] income increased approximately 50% since the time of the original divorce hearing.

*Raymont I at ¶ 21.*

**{¶18}** Upon remand, the trial court considered the record before it in accordance with our opinion and granted appellee's motion to terminate spousal support.  The trial court held that:

Therefore, the Court determines that a modification of spousal support is appropriate because the circumstances of the parties have changed and the change is so substantial that it makes the existing award of spousal support no longer reasonable and appropriate. R.C. 3105.18(E). Specifically, the court finds that there has been an involuntary decrease in the Plaintiff/Husband's wages as noted above. R.C. 3105.18(F). The court further finds that the change of circumstances is substantial, not purposely

brought about by the moving party, and not contemplated at the time the parties entered into the prior agreement. <u>Waters vs. Boney</u>, 2009-Ohio-574 (5th Dist., Stark); <u>Weddington v. Weddington</u>, 2010-Ohio-4967 (5th Dist., Licking).

{¶19} The trial court also approved recommendation submitted by CSEA to modify child support.

{¶20} Appellant filed a notice of appeal and submitted two assignments of error:

{¶21} "I. THE TRIAL COURT BY VIOLATING O.R.C. § 3105.18(F) ERRED AS A MATTER OF LAW WHEN IT RULED THAT VOLUNTARY UNDEREMPLOYMENT (I.E., TERMINATION FROM EMPLOYMENT FOR JUST CAUSE FOR INAPPROPRIATE SEXUAL BEHAVIOR) IS A SUBSTANTIAL CHANGE IN CIRCUMSTANCES, CAUSING A TERMINATION OF APPELLEE'S SPOUSAL SUPPORT ORDER AND A MODIFICATON OF APPELEE'S (SIC) CHILD SUPPORT ORDER."

{¶22} "II. THE TRIAL COURT ABUSED ITS DISCRETION WITH TERMINATING APPELLEE'S SPOUSAL SUPPORT ORDER AND MODIFYING APPELLEE'S CHILD SUPPORT ORDER."

### STANDARD OF REVIEW

{¶23} The appellant's assignments of error arise from the trial court's decision regarding spousal and child support.  Decisions regarding the modification of spousal support and child support are reviewed under an abuse of discretion standard. *Boron v. Boron,* 5th Dist. Stark No. 2018CA00080, 2019-Ohio-714, ¶ 26; *G.P. v. L.P.,* 5th Dist. Morrow No. 2021 CA 0011, 2022-Ohio-1373, ¶ 74 *on reconsideration*, 5th Dist. Morrow

No. 2021 CA 0011 2022-Ohio-2156, ¶ 74. An abuse of discretion occurs only when the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Further, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin-Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, 936 N.E.2d 1013, ¶ 16 (5th Dist.), citing *Cross Truck v. Jeffries*, Stark App. No. CA-5758, 1982 WL 2911 (Feb. 10, 1982).

## ANALYSIS

**{¶24}** Appellant submits two assignments of error, but the foundation of her argument is the contention that appellee was voluntarily underemployed because he was terminated from his employment when a co-worker reported an inappropriate comment made to her during the workday. Appellee relies upon our decision in *Boron v. Boron*, 5th Dist. Stark No. 2018-CA-00080, 2019-Ohio-714 to support her conclusion that "a voluntary underemployment which results in a decrease in income is not an involuntary decrease in income required pursuant to O.R.C. § 3105.18(F)." In *Raymont* I, we found that the trial court's reliance on this Court's opinion in *Boron* to support the conclusion that Eric Raymont was underemployed to be misplaced. We found that *Boron* was factually distinguishable and our conclusion remains the same. *Raymont* I, *supra,* ¶ 16. The *Boron* decision is inapposite.

**{¶25}** In *Raymont* I we concluded that: "* * * the decrease in Appellant's income was not purposely brought about by him" and we held that:

> consideration of his inability to regain employment at the level enjoyed before the
>
> divorce is both relevant and equitable in determining whether there was a

substantial change in circumstances. * * * In determining whether there was a change in circumstances, the trial court should have considered the fact Appellant was terminated for a non-criminal offense, made legitimate and diligent efforts to gain comparable employment, and Appellee's income increased approximately 50% since the time of the original divorce hearing.

*Raymont* I, *supra,* ¶ 20-21.

{¶26} The trial court complied with our instructions and concluded that there was a substantial change of circumstances, not brought on by appellee and not contemplated at the time of the original agreement. The record supports the court's factual finding that appellee's testimony that, after his discharge, he applied to over 500 positions and investigated several resources to replace his income and found the highest level of employment available to him. As a result, his income was reduced by over fifty percent.

{¶27} Appellant insists that the trial court abused its discretion because it is rewarding appellant for "abhorrent behavior" and "will only lead to more disrespectful, sexist pigs, looking for a free handout." Appellant focuses on the behavior that led to appellees discharge and argues that because his unemployment was the result of a voluntary act, his request for a modification of spousal support must be rejected. In *Raymont* I we found "that the trial court did not err in finding Appellant was voluntarily underemployed as Appellant's own actions caused his termination," but that finding is not the end of the analysis. *Raymont* I, *supra,* ¶ *16.* We also held that "[i]n determining whether there was a change in circumstances, the trial court should have considered the fact Appellant was terminated for a non-criminal offense, made legitimate and diligent

efforts to gain comparable employment, and Appellee's income increased approximately 50% since the time of the original divorce hearing. *Id. at ¶21.*

**{¶28}** The facts in this case are analogous to the facts in *Gibson v. Gibson,* 2nd Dist. Montgomery No. 28171, 2019-Ohio-1799, ¶ 52, where the court relied upon testimony that the obligor "was unable to find work comparable to his prior employment" after he was terminated and that he made repeated efforts to find employment and found only lower paying jobs. In the case before us, the record contains unrebutted evidence of the appellee's exhaustive attempts to replace the income from his former position. The *Gibson* Court found that, given the obligor's change in circumstances, the trial court did not abuse its discretion by reducing the spousal support obligation. We find that the same analysis and conclusion applies to this case.

**{¶29}** We find further support for our holding in *Courtney v. Courtney,* 12th Dist. Warren No. CA2013-09-087, 2014-Ohio-4281, ¶ 13 where the Twelfth District Court of Appeals held that "if the trial court finds that a parent is voluntarily underemployed, such as the case here, "then it must consider the nonexclusive list of criteria set forth in R.C. 3119.01(C)(11)(a)[1] to determine the amount of potential income to impute to the parent." (Citations omitted.) The criteria relevant to this case include: The availability of employment in the geographic area in which the parent resides; The prevailing wage and salary levels in the geographic area in which the parent resides; The parent's special skills and training; Whether there is evidence that the parent has the ability to earn the imputed income; and any other relevant factor. R.C. 3119.01(C)(17)(a)(iv)-(vii), (xi).

---

[1] R.C. 3119.01(C)(11)(a) has been renumbered R.C. 3119.01(C)(17)(a).

**{¶30}** These criteria support a conclusion that no income should be imputed to appellee. The appellee was a metallurgist with very specialized skills that were not in great demand in the geographic area in which he resided. The record contains no evidence that he was able to earn the imputed income or that he was earning less than the prevailing wage for the employment he found. Further, appellee's testimony that his search for similar employment was thorough was unrebutted. The appellant presented no evidence to contradict appellee's testimony and relied on the argument that appellee was voluntarily underemployed. Appellant's analysis is incomplete as it failed to consider the facts and circumstances that we directed the trial court to consider in our opinion in *Raymont* I.

**{¶31}** The trial court found the appellee's conduct that led to his termination was "reprehensible" and this opinion should not be interpreted to condone his actions. The trial court's review is not, however, limited to that incident and must consider his subsequent behavior and his actions to remedy the problem that arose from his behavior. The record supports a conclusion that appellee's search for adequate employment was exhaustive and appellee offered no criticism of his efforts. While we agree with the trial court that appellee's behavior was reprehensible, we also find that the applicable law encourages parties such as appellee to seek replacement employment.

**{¶32}** We find that the trial court did not abuse its discretion by modifying the spousal support and child support orders.  Appellant's assignment of error is denied and the decision of the Coshocton County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.