[Cite as *Todd v. Todd*, 2023-Ohio-3677.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| LINDSAY DYANN TODD, | : | |
| Appellee, | : | CASE NOS. CA2022-12-115<br>CA2023-03-024 |
| | : | |
| - vs - | : | O P I N I O N<br>10/10/2023 |
| | : | |
| TOBY TODD, | : | |
| Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR17080723


Law Office of Kristen L. Campbell, LLC, and Kristen L. Campbell, for appellant.

Cook Howard Law, Ltd., and Melynda Cook Howard, for appellee.


**PIPER, J.**

{¶ 1} Appellant, Toby Todd ("Father"), and appellee, Lindsay Todd ("Mother"), were divorced on November 28, 2018. The divorce decree allocated the division of debts and assets, set the parental rights of responsibilities for the parties' five children, and ordered Father to pay Mother spousal and child support. This appeal largely concerns the trial court's decision finding Father voluntarily underemployed after his employment was

terminated.

## Procedural History and Factual Background

{¶ 2} Pursuant to the decree, Father was ordered to pay Mother $4,080 per month in spousal support, along with a monthly child support order. Neither party appealed. On September 20, 2019, Father moved to reduce his child and spousal support obligations alleging that he had lost his employment. The court conducted a hearing on November 13, 2019, to address multiple postdecree motions, including Father's request for a reduction of his support obligations.

{¶ 3} As relevant here, Father testified that he was previously employed by John Bean Technologies ("JBT") earning an annual salary of $140,887.92. However, Father testified that he lost his job in September 2019 because he reported a safety incident and was wrongfully terminated. He explained that he obtained new employment but now earns an annual salary of $100,000.

{¶ 4} On cross-examination, Father denied that he was terminated for unprofessional behavior. He also denied being in a physical altercation but said the safety concern was in regard to "workplace violence." When asked to explain the nature of the incident, Father said "if I'm being honest, my other attorney has asked me not to really talk any specifics about it."

{¶ 5} Father eventually testified that the incident occurred while he was on a work assignment in the state of Georgia. After work, he and two coworkers, Don and Damien, had been hanging around their hotel parking lot drinking beer. Father testified that they were having a normal conversation until Damien started making accusations and arguing with him. While he argued with Damien, Father claimed that Don escalated the situation and engaged in a physical confrontation with him. Father stated that, in total, Don punched

him four times in the face yet he never retaliated; he just backed away. Father said he reported the incident to his employer a few days later and was subsequently fired.

**Magistrate and Trial Court Decisions**

{¶ 6} On December 15, 2020, the magistrate issued a written decision finding that Father's income had been reduced and granted Father's motions to modify child and spousal support. The magistrate recommended that Father pay Mother $1,400 per month in spousal support along with a recalculated child support order.

{¶ 7} Mother filed an objection to the magistrate's decision. On October 22, 2021, the trial court issued a decision modifying the magistrate's decision. The trial court reduced Father's spousal support obligation but not to the extent recommended by the magistrate. The trial court noted that the magistrate did not review the statutory factors in the spousal support analysis. The court listed the factors it considered and reduced Father's spousal support order from $4,080 per month to $2,200 per month. The trial court then recalculated the child support order according to the statutory guidelines. The trial court also determined that due to the modified order of spousal support, that spousal support was a non-taxable event.[1] The trial court stated that the "orders herein are temporary child and spousal support orders until all issues are resolved." The matter was then remanded to the magistrate to resolve an issue related to attorney fees.

{¶ 8} The magistrate issued a subsequent decision resolving the issue of attorney fees. No objections were filed in response. On November 21, 2022, the trial court entered a final appealable order and Father filed a notice of appeal. The trial court issued a later order referring to the imputation of income based upon Father's voluntary

---

1. In pertinent part, the entry states "the court finds that spousal support was previously taxed as income in the parties' initial Decree; spousal support shall no longer be taxable as income to [Mother] or deductible to [Father], as of September 20, 2019 and thereafter."

underemployment.  Father filed another notice of appeal on the basis that the order again referred to the imputation of income and we consolidated the cases on appeal.  *Todd v. Todd*, 12th Dist. Butler Nos. 2022-12-115 and 2023-03-024 (Entry of Consolidation).  We now consider Father's appeal, which raises a single assignment of error for review.

## Issues on Appeal

{¶ 9}   THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MODIFIED THE MAGISTRATE'S DECISION DETERMINING MR. TODD TO BE VOLUNTARILY UNDEREMPLOYED AND CHANGED THE TAX CONSEQUENCES OF SPOUSAL SUPPORT.

{¶ 10} In his sole assignment of error, Father argues the trial court erred by finding him voluntarily underemployed and imputing income to him for purposes of computing his support obligations.  He also argues the trial court erred by altering the tax consequences of his spousal support obligation.

## Voluntary Underemployment

{¶ 11} Voluntary unemployment or underemployment is a consideration when calculating a party's support obligations.  In regard to child support, "income" consists of the sum of gross income a parent earns and any "potential income" if the parent is voluntarily unemployed or underemployed.  *McFarland v. McFarland*, 12th Dist. Butler No. CA2018-05-098, 2019-Ohio-2673, ¶ 12; R.C. 3119.01(C)(9)(b).  While the spousal support statute does not direct a trial court to impute income for a spouse who is voluntarily unemployed or underemployed, it directs a court to consider the "earning abilities" of the parties.  As a result, this court and other courts have approved a trial court's imputation of income for purposes of determining spousal support.  *Justice v. Justice*, 12th Dist. Warren No. CA2006-11-134, 2007-Ohio-5186, ¶ 17.

- 4 -

{¶ 12} Whether a party is voluntarily unemployed or underemployed is "a factual determination to be made by the trial court based on the circumstances of each particular case." *McFarland* at ¶ 11; *Rotte v. Rotte*, 12th Dist. Butler No. CA2004-10-249, 2005-Ohio-6269, ¶ 14, citing *Rock v. Cabral*, 67 Ohio St.3d 108 (1993). This court has held that misbehavior that results in the termination of employment is a voluntary act that allows a trial court to find a party voluntarily unemployed or underemployed. *Courtney v. Courtney*, 12th Dist. Warren Nos. CA2013-09-087 and CA2013-10-096, 2014-Ohio-4281, ¶ 12.

{¶ 13} The trial court's determination on this issue will not be disturbed on appeal absent an abuse of discretion. *Jestice v. Jestice*, 12th Dist. Butler No. CA2013-07-133, 2014-Ohio-3777, ¶ 9. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Brown v. Brown*, 12th Dist. Butler No. CA2014-09-184, 2015-Ohio-1930, ¶ 8.

{¶ 14} On appeal, Father cites the spousal support factors contained in R.C. 3105.18(C)(1) but provides only a limited argument. He argues that the only admissible evidence regarding his termination was his own testimony where he claimed he was assaulted and then fired after he reported the incident. Therefore, Father maintains that the trial court's decision must have been the result of some other improper consideration. He speculates that the trial court must have relied upon hearsay statements to which he objected.

{¶ 15} However, after reviewing the record, we find the trial court did not abuse its discretion in finding that Father was voluntarily underemployed. Resolution of this issue was largely a credibility decision. This court must accord due deference to credibility

determinations of the trial court, as it is not our role to substitute our determination of credibility in place of the trial court's determination. *McVean v. McVean*, 12th Dist. Butler No. CA2018-03-054, 2018-Ohio-4062, ¶ 24.

{¶ 16} In the present case, there was no dispute that Father was terminated from his employment with JBT and he accepted a new position with a lower salary. When asked about the circumstances of his termination, Father was less than forthcoming. He initially testified that his termination was the result of him reporting a safety incident. He denied being in a physical altercation before testifying that a different attorney had advised him not to provide any specifics on the incident. Upon continued questioning, Father eventually provided more information, from his perspective, about the incident in which he claimed he was assaulted. He stated that he was fired after he reported the incident to his employer.

{¶ 17} Father only speculates that the trial court's decision must have been tainted by improper evidence, as there is no indication that the trial court considered any improper evidence. "As a fact-finder, the trial court is presumed to have considered only relevant, material and competent evidence in arriving at its judgment unless the record shows affirmatively to the contrary." *In re W.R.*, 12th Dist. Fayette No. CA2011-08-016, 2012-Ohio-382, ¶ 16; *Wuebker v. Wuebker*, 3d Dist. Auglaize No. 2-03-04, 2003-Ohio-2954, ¶ 7. Moreover, the trial court was certainly not required to accept Father's explanation that his reduced income should be attributed to the reporting of a safety incident. Father's argument on appeal downplays the significance of his testimony and ignores the fact that the trial court may well have discounted his testimony due to his less than candid explanation of the incident. Based upon the factual circumstances in this particular case, the trial court could find Father was voluntarily underemployed after he lost his better-paying job due to his own actions. *Courtney*, 2014-Ohio-4281 at ¶ 12.

**{¶ 18}** Father presents no further argument with regard to the calculation of his spousal support or child support calculations. We again note that the trial court did reduce Father's spousal support obligation from $4,080 per month to $2,200 per month. However, it did not reduce Father's obligations to the extent the magistrate would have recommended. We find no abuse of discretion in finding that Father was voluntarily underemployed or in calculating his support obligations.

## Tax Consequences

**{¶ 19}** Within the same assignment of error, Father also presents another issue for review. Father states that at the time of the divorce decree, spousal support was a tax deduction for him and was taxable income for Mother. Father argues the trial court's decision to change the deductible nature of his spousal support obligation was an abuse of discretion. We note Father does not provide any legal authority for his position.

**{¶ 20}** As we have previously explained, "[t]he Tax Cuts and Jobs Act repealed provisions of the Internal Revenue Code allowing a payor of 'alimony' to deduct that payment from his or her income." *Rigby v. Rigby*, 12th Dist. Brown No. CA2020-07-005, 2021-Ohio-271, ¶ 36. "The change to the Internal Revenue Code puts an end to a spousal support recipient's obligation to include the amount received as part of his or her income. The spousal support payment is no longer deductible from the payor's gross income for tax liability purposes and the payment is not includable as income for the spousal support recipient." *Id.* at ¶ 36, fn. 3. Father presents no argument regarding this change in federal tax law and offers no authority to support his claim that the trial court's decision allocating tax consequences was an abuse of discretion. Furthermore, while he claims that his inability to deduct spousal support will unfairly burden him, he apparently fails to appreciate that he received a substantial reduction in his spousal support obligation from the prior order

contained in the decree. As such, we find his arguments unpersuasive.

{¶ 21} For those reasons, we find Father's sole assignment of error is without merit. The trial court did not err in finding Father voluntarily underemployed nor in its determination of the tax consequences of spousal support payments. Father's sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.